IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KYLE ROGERS,**                                                                                    **PLAINTIFF**

**v.**                      **Case No. 4:11-CV-331 JMM**

**THE UNIVERSITY OF ARKANSAS SYSTEM,**
**ITS DIVISION UNIVERSITY OF ARKANSAS**
**FOR MEDICAL SCIENCES,**                                **DEFENDANT**

## AGREED PROTECTIVE ORDER

The parties have requested discovery of records containing confidential and sensitive personnel or medical information. In response to discovery requests and upon application to this Court and entry of this Order, the parties have agreed to provide documents for proper use only in this litigation and subject to the affected patients and employees' (whether past or present) privacy rights not being violated or infringed. In order to permit the parties adequate access to the records necessary to completely present their respective positions herein, and, at the same time to protect the personal privacy of the Plaintiff, Defendant, and Defendant's employees, on the parties' Joint Motion for a Protective Order, it is hereby ORDERED, ADJUDGED and DECREED as follows:

    1. The parties agree to produce copies of personnel files, excluding medical records, social security numbers, birth dates and private contact information, and Plaintiff's medical records relate to the claims or defenses asserted by the parties in this action pursuant to the Federal Rules of Civil Procedure;

    2. All such medical records and confidential information previously provided by the parties which relate to the above referenced matter or later provided upon entry of this order

shall be used only for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever. Moreover, the parties, their attorneys, or anyone acting on their behalf may not utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action;

    3. Medical records and any other confidential records, documents, tapes, or other information provided hereunder may be disclosed to either party, their attorneys, jurors, the staff of his attorneys, experts retained for this case, the Court and its staff, and witnesses, but only as is necessary and for proper purpose directly related to the trial of this action. They shall all be informed of this protective order and required to agree to abide by it to see the information. The parties and their attorneys shall not transfer or communicate any of the medical records, confidential information, documentation, or records produced pursuant to this Order, directly or indirectly, to any person except for a necessary and proper purpose directly related to *discovery, litigation, or* trial of this action. Counsel for either party may provide copies of such confidential records, documents, or other information to any expert witness[es] retained by either party or persons frequently employed by such expert[s] whose review of the material is necessary and proper for the Plaintiff's prosecution or the Defendant's defense in this litigation;

    4. If medical records or confidential documents or records are used during depositions, the portions of the depositions containing the confidential information shall be treated as confidential in accordance with this Order;

    5. All medical records, as well as any other documents, information or deposition designated as confidential under this Order shall, when filed with the Court, be clearly marked as

confidential, sealed, placed in separate, secure storage by the Clerk, and opened only by authorized Court personnel;

6. Both parties, their respective counsel, the retained expert witness/witnesses, or anyone acting on their behalf shall not in any manner, directly or indirectly, transfer medical records, confidential records, documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person;

7. Upon termination of this lawsuit by judgment, by settlement, or by other means, and at the option of the producer of such material, the parties agree to: (a) return all medical records and confidential materials, including copies thereof to the producer; or (b) destroy all such materials and copies thereof, after which the party will certify to all other parties in writing that all confidential documents have been destroyed; or (c) maintain all confidential documents in conformity with the Order and the agreements embodied herein. If any party ceases involvement in this action, by settlement or otherwise, such party shall comply with the terms of this paragraph within a reasonable time.

8. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown;

9. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court; and

10. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

IT IS SO ORDERED THIS 23d day of November, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE

Approved as to form:

**ATTORNEY FOR DEFENDANT**
/s/ Lucie Ingram
Associate General Counsel
University of Arkansas for Medical Sciences
4301 W. Markham Street, Slot 860
Little Rock, Arkansas 72205
(501) 686-7608
lingram@uams.edu


**ATTORNEY FOR PLAINTIFF**
Luther Oneal Sutter, Esq.
Harrill & Sutter, P.L.L.C.
P.O. Box 2012
Benton, AR 72018
(501) 315-1910